**Wallace Levan GRIFFEY, Petitioner–Appellant,**

**v.**

**Gary LINDSEY, Warden, Respondent–Appellee.**

No. 99–17643.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Filed Sept. 26, 2003.

Alyssa T. Koo (argued) and David Goodwin, Heller Ehrman White & McAulifee LLP, San Francisco, CA, for the petitioner-appellant.

Peggy S. Ruffa (argued) and Margo J. Yu, Deputy Attorney General, San Francisco, CA, Office of the California Attorney General, for the respondent-appellee.

Before BEEZER, THOMAS, and CLIFTON, Circuit Judges.

## OPINION

BEEZER, Circuit Judge.

Wallace Levan Griffey appeals the district court's denial of his habeas corpus petition, brought under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We hold that Griffey's petition is governed by the substantive standards of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that Griffey was not entitled to an evidentiary hearing on any of his claims. On the merits, we affirm the denial of Griffey's habeas petition.

### I

Griffey challenges his conviction on eleven criminal counts, including several counts of rape and burglary, arising out of three different incidents. The first incident involved a burglary and rape in a Monterey, California hotel on July 25, 1983. The second incident involved the rape of a female jogger in a neighboring town on August 14, 1983. The third incident involved the burglary and rape of a woman in her Monterey hotel room on August 16, 1983, as well as the terrorizing of her roommate.

Before trial, Griffey moved to exclude the identifications made by two of the victims, each of whom identified Griffey as the rapist. The state trial court held a hearing and denied Griffey's motion. Griffey was convicted by a jury on all eleven counts and sentenced to a 65–year term of imprisonment.

Following his conviction, Griffey appealed. The California Court of Appeal rejected Griffey's appeal and the California Supreme Court denied his petition for review. At this point, Griffey began a series of collateral challenges to his conviction. We relate Griffey's post-conviction history in detail because of its importance in resolving the procedural issues in this case.

Between 1987 and 1993, Griffey filed four separate habeas corpus petitions in the California courts: one in the California Superior Court and three in the California Supreme Court. In support of Griffey's first California Supreme Court habeas petition, Griffey attached several hundred pages of documentary evidence. All four state petitions were denied.

Griffey filed his first federal habeas corpus petition in 1991, which was dismissed for failure to exhaust. In July 1993, Griffey filed his second federal habeas corpus petition.

The district court determined in June 1995 that several of Griffey's allegations in the 1993 petition had not yet been exhausted in state court. The district court dismissed the petition, but gave Griffey leave to amend, so that Griffey could delete the unexhausted allegations. Griffey attempted to amend his petition by striking the unexhausted allegations from his petition. The district court, however, determined that Griffey did not adequately amend the petition and dismissed the petition. On appeal, we summarily reversed in an unpublished order and recognized that the court clerk could delete the portions of the amended petition that Griffey wanted deleted.

Before the deletions, Griffey's federal habeas petition contained 14 broad claims. Many of these broad claims included numerous sub-claims. The unexhausted allegations were among these sub-claims. Following remand, the district court did not order the clerk to strike Griffey's unexhausted sub-claims as Griffey requested. The district court instead ordered that each of the broad claims containing the unexhausted sub-claims be stricken in their entirety.

Griffey fought this order, applying to us for a writ of mandamus. We denied the mandamus request in an unpublished or-

der, and instructed Griffey that he could eventually appeal if he objected to the district court's rulings.[1]

Following the dismissal of Griffey's mandamus request, Griffey moved for a stay of the habeas proceedings while pursuing exhaustion before the California Supreme Court. In the alternative, Griffey requested that the district court allow him to dismiss the petition without prejudice. The district court denied the motion for a stay, but granted Griffey's request to dismiss the action without prejudice. In so doing, the district court made clear that it was dismissing the entire action.

After Griffey exhausted his claims by filing his fourth habeas petition in California's Supreme Court, he filed the present federal habeas corpus petition.

The district court concluded that Griffey's current petition is governed by AEDPA. The district court denied Griffey's claims on their merits without an evidentiary hearing. Griffey appeals.

The district court granted a certificate of appealability ("COA") limited to four issues:

1) whether AEDPA applies to this case;

2) whether the district court correctly denied an evidentiary hearing based on Griffey's failure to establish that he attempted to and was prevented from developing the facts in state court, or to bring himself within the exception to 28 U.S.C. § 2254(e)(2);

3) whether Petitioner received ineffective assistance of counsel; and

4) whether Petitioner's due process rights were violated by an allegedly suggestive identification procedure.

## II

Griffey's federal petition is governed by AEDPA. AEDPA significantly alters the legal standards and procedures governing federal habeas petitions, generally making it more difficult for prisoners to qualify for habeas relief. AEDPA applies to all federal habeas petitions filed after April 24, 1996, *see Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.2001), and Griffey filed his present federal habeas petition in August 1997.

Griffey argues that his current petition should not be governed by AEDPA because the federal habeas petition he filed in 1993 was improperly dismissed. In effect, Griffey asks us to set aside the final judgment governing his last petition and then allow him to use Federal Rule of Civil Procedure 15(c) to relate his current petition back to the filing date of his earlier petition.[2]

■ ■ It is settled law in this circuit that one cannot use Rule 15(c) once an action has been dismissed and a final judgment entered unless the judgment is set aside under Federal Rules of Civil Procedure 59(e) or 60(b).[3] *See Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th Cir.1996).

---

**1.** "While petitioner disputes whether the January 8, 1997 order fully complies with our [previous] mandate, that issue may be raised in a later appeal." *Griffey v. United States Dist. Court,* No. 96–80414 (9th Cir.March 14, 2003).

**2.** We lack jurisdiction to directly review the dismissal of Griffey's earlier petition for failure to exhaust. The dismissal of Griffey's earlier action on exhaustion grounds was a final, appealable order. *See, e.g., James v. Pliler,* 269 F.3d 1124, 1125 (9th Cir.2001).

Griffey did not appeal that decision within the jurisdictional time limits set by Federal Rule of Appellate Procedure 4.

**3.** Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e). Rule 59(e) amendments are appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law.

This rule applies equally to habeas petitions. *See* 28 U.S.C. § 2242; *Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 1402, 155 L.Ed.2d 363 (2003).

In *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir.2003), however, we recently allowed a habeas petitioner to use Rule 15(c) to relate time-barred habeas petitions back to timely filed petitions that were, like Griffey's petition, dismissed on exhaustion grounds. *See id.* at 1093, 1102. *Ford* does not specifically discuss Rules 59(e) or 60(b), but relies on improprieties in earlier, final dismissals to justify application of Rule 15(c). *See id.* at 1102–03. *Ford* does, however, draw on a line of cases that are grounded on an explicit recognition of the connection between Rule 60(b) and our circuit's back-dating principles in the habeas context.[4]

■ ■ We do not understand *Ford* to reject the requirement that a case be reopened under Rule 59(e) or Rule 60(b) before Rule 15(c) can be invoked. Nor do we understand *Ford* to reject the general rule that legal errors cannot justify Rule 60(b) relief once the time for filing an appeal under Federal Rule of Civil Procedure 4 has passed. *See Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir.1982).[5]

■ We conclude that *Ford* fits into an exception to Rule 60(b)'s general rule: a petitioner may qualify for relief under Rule 60(b) based on a legal error if he can show "extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *See Plotkin*, 688 F.2d at 1293. In *Ford*, that extraordinary circumstance was the effective transformation of the petitioner's dismissals "without prejudice" into dismissals "with prejudice" caused by judicial interpretations of AEDPA's statute of limitations.[6] *See* 330 F.3d at 1100.

---

*Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

> Rule 60(b) provides, in relevant part:
>> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for [reason] (1) ... not more than one year after the judgment, order, or proceeding was entered or taken ...
>
> Fed.R.Civ.P. 60(b).

**4.** *See Ford*, 330 F.3d at 1100–03 (citing *Anthony v. Cambra*, 236 F.3d 568, 573–74 (9th Cir.2000)); *Anthony*, 236 F.3d at 574 (citing *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998)); *Kelly*, 163 F.3d at 540 (tying the equitable power to back-date filings to Rule 60(b)), *abrogated on other grounds by Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003); *Cf. Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir.1988) (instructing, on direct appeal, how the district court on remand could use *nunc pro tunc* ("now for then") procedures to handle an unexhausted petition after the district court inappropriately ruled on the petition's merits).

**5.** *See also Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir.1966) (indicating that a legal error may be corrected under Rule 60(b)(1) "within a reasonable time not exceeding the time for appeal").

**6.** AEDPA's one-year statute of limitations provides for statutory tolling under certain circumstances. In 2001, the Supreme Court held that there was no statutory tolling for the time that a habeas petition was pending in federal court. *See Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); *see also Jiminez v. Rice*, 222 F.3d 1210, 1213 (9th Cir.2000), *withdrawn by* 246 F.3d 1277 (2001). A number of habeas petitions that were dismissed "without prejudice" for failure to exhaust became time-barred once the pendency of the federal petition was counted against the statute of limitations. *See, e.g., Ford*, 330 F.3d at 1100–02 (describing the impact of *Duncan's* rule).

Griffey cannot show similar extraordinary circumstances which prevented or rendered him unable to prosecute his appeal. Griffey was aware that the district court's decisions could be challenged on direct appeal. In fact, we explicitly informed Griffey about the appeal option when we rejected his application for a writ of mandamus.

Nor was Griffey led to abandon his appeal rights by the district court's labeling of the dismissal "without prejudice." Griffey had already appealed the district court's earlier order dismissing his petition without prejudice.

Finally, this is not a situation like *Ford*, where a dismissal ostensibly "without prejudice" is substantively transformed. *See* 330 F.3d at 1100. No one contends that Griffey's petition is time-barred. There are simply no extraordinary circumstances justifying Rule 60(b) relief for Griffey. Griffey cannot benefit from *Ford's* holding.

In requesting dismissal of his second federal petition, Griffey knowingly took a path that foreclosed appellate review of the orders he now challenges.[7] As a result, Griffey is ineligible for Rule 60(b) relief. *See Plotkin*, 688 F.2d at 1293. Because Griffey is not eligible for Rule 60(b) relief, he cannot use Rule 15(c) to relate his current petition back to his earlier petitions.[8] *See Lindauer*, 91 F.3d at 1357; *see also Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999). The district court correctly determined that AEDPA applies to Griffey's latest habeas petition.

### III

The district court did not conduct an evidentiary hearing on any of Griffey's claims. Griffey challenges that decision, raising two related arguments. First, Griffey argues that a number of his claims were not subject to 28 U.S.C. § 2254(e)(2), which drastically curtails the availability of evidentiary hearings for federal habeas petitions.[9] Second, Griffey argues that he is entitled to an evidentiary hearing under the pre-AEDPA standards that continue to govern evidentiary hearing requests involving claims that are not subject to § 2254(e)(2).

Our circuit has taken a generous view towards using Rule 15(c) and equitable tolling to soften the effects of *Duncan*. *See, e.g., Ford*, 330 F.3d at 1103 (relying on *Duncan* to find error in the 1997 dismissal of a habeas petition, using Rule 15(c)); *Smith v. Ratelle*, 323 F.3d 813, 818 (9th Cir.2003) (relying on *Ford*, but using equitable tolling). The equitable tolling doctrine avoids the jurisdictional issues discussed today.

7. Although the district court's decision striking his claims and denying Griffey's request for a stay put Griffey in a difficult situation, this alone is not sufficient to render Griffey's request for a voluntary dismissal any less voluntary or knowing.

8. We emphasize that our approach is consistent with *Anthony v. Cambra*, 236 F.3d at 573–74. In *Anthony*, the district court accepted *nunc pro tunc* a petition filed after an erroneous dismissal, allowing the petitioner to take advantage of the earlier filing date. *See Anthony v. Cambra*, 1998 WL 164971 (N.D.Cal. Feb.18, 1998). Implicit in this equitable use of the *nunc pro tunc* power was an exercise of discretion under Rule 60(b). *See Kelly*, 163 F.3d at 540; *see also United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir.2000) (recognizing that the *nunc pro tunc* power "does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose").

9. Section 2254(e)(2) forbids evidentiary hearings if a petitioner has failed to develop the factual basis of a claim in state court proceedings unless the petitioner shows: (1) that the factual predicate of the claim could not have been discovered through the exercise of due diligence; and (2) the facts would establish, by clear and convincing evidence, that no reasonable fact-finder would have found the petitioner guilty without the constitutional error. 28 U.S.C. § 2254(e)(2).

■ We review de novo a district court's determination that § 2254(e)(2)'s standards govern a petitioner's evidentiary hearing request. *See Baja v. Ducharme,* 187 F.3d 1075, 1077 (9th Cir.1999). The district court's factual findings are reviewed for clear error. *Id.*

■ If § 2254(e)(2) does not apply, we review the denial of an evidentiary hearing request for an abuse of discretion. *See, e.g., Karis v. Calderon,* 283 F.3d 1117, 1126 (9th Cir.2002). A petitioner who avoids the reach of § 2254(e)(2) qualifies for an evidentiary hearing if the petitioner alleges facts, that if proven, would entitle the petitioner to relief and the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *See Jones v. Wood,* 114 F.3d 1002, 1010, 1013 (9th Cir.1997).

■ Although application of the wrong legal standard constitutes an abuse of discretion, *see Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 406, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), we may affirm the district court on any ground supported by the record. *Paradis v. Arave,* 240 F.3d 1169, 1175–76 (9th Cir.2001). We hold that the record adequately supports the district court's denial of Griffey's evidentiary hearing request.

### A

Griffey asks us to determine whether he is entitled to an evidentiary hearing on several claims whose substantive merits are not properly before us.[10] We decline to do so.

In *Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000), the Supreme Court refused to evaluate the denial of an evidentiary hearing with respect to those claims that were rejected on

the merits by the Fourth Circuit. *See id.* at 444, 120 S.Ct. 1479 ("The Court of Appeals rejected this claim on the merits ... so it is unnecessary to reach the question whether § 2254(e)(2) would permit a hearing on the claim."). We follow the same approach here. We restrict our consideration to those claims whose merits are encompassed by the COA: 1) Griffey's due process claims based on allegedly tainted identifications; and 2) Griffey's ineffective assistance of counsel claims.

### B

■ Griffey received a pre-trial hearing in the state trial court on his claim that various identification procedures violated his due process rights. In his state habeas petitions, Griffey supplemented his original suggestive identification claim with additional allegations. The factual basis for these expanded allegations rests on a combination of documentary evidence, preliminary hearing testimony, evidence presented at the suppression hearing, and trial evidence. Griffey did not receive a state court evidentiary hearing on these expanded allegations.

■ The district court based its denial of Griffey's suggestive identification claims on the documentary record before it. Even for a claim that avoids § 2254(e)(2), an evidentiary hearing is not required if the issues can be resolved by reference to the state court record. *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998). As the district court was able to resolve the suggestive identification issues based on the record before it, there was no need for an evidentiary hearing.

In this case, the only item missing from the record was the original photographic

10. Griffey's certificate of appealability ("COA") does not encompass the merits of his prosecutorial misconduct, *Brady,* or *Miranda* claims. Griffey's request to expand the COA was denied.

lineup used by the witnesses to first identify Griffey. The district court, however, had no obligation to hear evidence regarding the photographs. The photographic lineup was not part of the district court record and Griffey did not demonstrate any inability to produce it. *See Van Pilon v. Reed*, 799 F.2d 1332, 1337–38 (9th Cir. 1986). The district court did not abuse its discretion by ruling on the merits of Griffey's suggestive identification claims without conducting an evidentiary hearing.

### C

The district court did not hold an evidentiary hearing on Griffey's ineffective assistance of trial counsel claims. The district court concluded that Griffey failed to overcome § 2254(e)(2)'s barriers. We conclude, however, that Griffey exhibited adequate diligence to avoid § 2254(e)(2) with respect to his ineffective assistance of trial counsel claims. Despite this error, we find no harm in the district court's use of an erroneous standard. Even under the significantly more lenient standards governing the evidentiary requests of diligent petitioners, Griffey was not entitled to an evidentiary hearing.

### 1

■ A petitioner's request for an evidentiary hearing is governed by § 2254(e)(2) only if the petitioner has not been diligent in developing the record in state court. *See Williams*, 529 U.S. at 435, 120 S.Ct. 1479. Diligence depends upon whether the petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *Id.* In the usual case and at a minimum, diligence requires, that a petitioner seek an eviden-

tiary hearing in state court in the manner prescribed by state law. *Id.* at 437, 120 S.Ct. 1479. We conclude that Griffey exhibited sufficient diligence to avoid the reach of § 2254(e)(2).

■ The state argues that Griffey failed to request an evidentiary hearing in state court on his ineffective assistance of trial counsel claims, all of which were raised in state court habeas proceedings. The state's argument fails because Griffey's state habeas petitions were summarily dismissed by the California courts.

Under California law, an appellate court receiving an original habeas petition first evaluates the petition to see if the facts alleged could possibly support relief. *See People v. Romero*, 8 Cal.4th 728, 731, 35 Cal.Rptr.2d 270, 883 P.2d 388 (1994). The state is ordered to file a return only if the petition passes through this initial screen. *Id.* at 738, 35 Cal.Rptr.2d 270, 883 P.2d 388. It is not until the petitioner files a traverse in response to the state's return that the California courts look to see if there are any factual conflicts that might bear on the success of the petitioner's challenge. *Id.* at 739–40, 35 Cal.Rptr.2d 270, 883 P.2d 388 (discussing the standards for receiving an evidentiary hearing). A request for an evidentiary hearing is needed, if at all, only at the traverse stage of the proceedings. *See id.* at 740, 35 Cal. Rptr.2d 270, 883 P.2d 388.

Griffey was not required to request an evidentiary hearing under California law because his state habeas petitions were dismissed before Griffey reached the traverse stage. This early dismissal defeats the state's lack of diligence argument.[11] Griffey's request for an evidentiary hear-

---

11. Griffey did submit over 360 pages of documentation with his 1990 habeas petition filed in the California Supreme Court. *See People v. Duvall*, 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995) ("The petition should ... include copies of reasonably available documentary evidence supporting the claim.").

ing should not have been evaluated under § 2254(e)(2).

## 2

██ Despite the district court's error, Griffey is still not entitled to an evidentiary hearing on his ineffective assistance of trial counsel claims. Griffey's claims can all be resolved by reference to the state record and the documentary evidence submitted by Griffey. *See Totten,* 137 F.3d at 1176. Despite a few gaps in the record, Griffey's attempts to fill these gaps with conclusory or speculative allegations are insufficient to justify an evidentiary hearing. *See Campbell v. Wood,* 18 F.3d 662, 679 (9th Cir.1994) (holding conclusory allegations were insufficient to justify an evidentiary hearing).[12] Griffey was not entitled to any evidentiary hearing on his ineffective assistance of counsel claims.

## IV

Griffey challenges the district court's decision denying relief on his suggestive identification and ineffective assistance of counsel claims. We affirm.

## A

██ The district court's denial of Griffey's claims is reviewed de novo. *Karis v. Calderon,* 283 F.3d 1117, 1126 (9th Cir.2002). Factual determinations are reviewed for clear error. *Id.* Under AEDPA, a habeas corpus petition may be granted only if a state court's decision on the merits of a claim is "contrary to, or involve[s] an unreasonable application of clearly established Federal law, as determined by the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

When a state court decision reaches the merits of a petitioner's claim but does not provide its reasoning, we independently review the record in determining whether the state court's denial of relief comports with AEDPA. *Delgado v. Lewis,* 223 F.3d 976, 982 (9th Cir.2000). Any factual findings made by state courts are presumed correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## B

Griffey argues that a number of identifications made by two of the rape victims violated his due process rights. The victims first identified Griffey in a photographic lineup and then identified him several other times in court proceedings. We join the district court and the California state courts in rejecting Griffey's constitutional challenges to the various identifications.

██ A pre-trial identification based on a photographic lineup violates due process where the lineup is so impermissibly suggestive that it gives rise to a "very substantial likelihood" of misidentification. *Neil v. Biggers,* 409 U.S. 188, 197, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). Deciding whether a lineup is impermissibly suggestive requires consideration of the totality of the circumstances. *Id.* at 196, 93 S.Ct. 375; *Johnson v. Sublett,* 63 F.3d 926, 929 (9th Cir.1995). Only if a lineup is impermissibly suggestive does a court need to address whether an identification is reliable. *United States v. Bagley,* 772 F.2d 482, 492 (9th Cir.1985).

██ Griffey argues that the photographic lineups given to the rape victims were impermissibly suggestive. The state trial court rejected the factual underpinnings of Griffey's argument when it con-

---

**12.** *See also Cooks v. Spalding,* 660 F.2d 738, 739 (9th Cir.1981); *Wacht v. Cardwell,* 604 F.2d 1245, 1246 n. 2 (9th Cir.1979).

cluded, after a hearing on the issue, that "[neither] the photographs nor photographic lineup or the evidence presented on the issue discloses that the photographic lineup or any part thereof was unduly suggestive or suggestive at all." [13]

The California Court of Appeal agreed with the state trial court. The Court of Appeal determined that all the pictures were in color and contained suspects of similar appearance. The pictures were about the same size and were taken from similar distances. Griffey has not shown that these state court findings involved "unreasonable determinations of the facts in light of the evidence presented" in the state court or presented "clear and convincing evidence to the contrary." 28 U.S.C. §§ 2254(d)(2), (e)(1).

Based on these findings, the state trial court was correct to conclude that the victims' photographic lineup identifications were not impermissibly suggestive. *See Bagley*, 772 F.2d at 492. Because the photographic lineups were not impermissibly suggestive, Griffey's arguments challenging the reliability of the identifications fail. *See id.*

Griffey cannot show that any of the state court decisions addressing the photographic lineup were "contrary to" or "involved an unreasonable application" of clearly established federal law. 28 U.S.C. § 2254(d)(1). The district court properly

refused to grant habeas relief based on Griffey's assertions that the photographic lineups were impermissibly suggestive.[14]

As the photographic lineup identifications predated the victims' later in-court identifications of Griffey, the photographic lineups establish by "clear and convincing evidence" an independent source for the later identifications. *See United States v. Wade*, 388 U.S. 218, 239–40, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Griffey's challenges to the later identifications cannot show the deprivation of a constitutional right. *See Gilbert v. California*, 388 U.S. 263, 272, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) (implicitly recognizing no violation of constitutional rights if an identification has an independent and untainted source); *see also Johnson*, 63 F.3d at 929 (rejecting arguments similar to Griffey's). Griffey's challenges to the later identifications do not qualify him for habeas relief under 28 U.S.C. § 2254(d)'s strict standards.

### C

Griffey argues that his trial counsel was ineffective. Griffey raises numerous challenges covering almost every aspect of his trial. We affirm the district court's denial of Griffey's ineffective assistance claims. Individually and cumulatively, Griffey's allegations are insufficient to justify habeas relief. We focus only on the most substantial of Griffey's various ineffective assistance claims.[15]

---

**13.** The state trial court also stated: "I don't think that I've ever seen a photographic lineup that's fairer than this one. There's nothing that suggests that anyone in here is someone that should be picked out for any reason. To the contrary."

**14.** Griffey also had no constitutional right to expect the police to contact his public defender before giving the lineups to the rape victims. *United States v. Ash,* 413 U.S. 300, 321, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

**15.** Griffey alleges that trial counsel: (1) failed to exclude evidence of a burglary at the Borg

Motel, which immediately preceded the rape of the jogger; (2) failed to impeach two of the witnesses testifying about the Borg Motel burglary; (3) failed to file for discovery concerning various reports and statements of the motel rape victims; (4) failed to file for discovery concerning mug books reviewed by the victims; (5) failed to call to the stand an eyewitness to one of the motel rapes; (6) failed to adequately impeach one of the rape victims; (7) failed to adequately develop evidence of other potential suspects; (8) failed to exclude evidence of a motel burglary at the Reef Motel and two attempted burglaries that were ad-

### 1

In order to succeed on his ineffective assistance of counsel claims, Griffey must show that his counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the out-come. *Id.* at 694, 104 S.Ct. 2052. Scrutiny of counsel's performance is highly deferential, and courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. 2052.

### 2

 Griffey argues that his trial counsel should have done more to develop evidence of other potential suspects. In particular, Griffey focuses on counsel's alleged failure: 1) to develop evidence that a previously convicted rapist, who met Griffey's general description, was arrested ten days after Griffey's arrest; and 2) to develop evidence that another crime, which was "extremely similar" to Griffey's robbery at the Reef Motel, contained fingerprints that did not match Griffey's fingerprints. Griffey argues that this evidence would have created reasonable doubt in the jury's mind.

We do not directly address the performance of counsel because Griffey fails to satisfy *Strickland's* prejudice requirement.[16] At the time of Griffey's trial, California imposed high hurdles before "other suspect" evidence could be brought into evidence. A defendant had to show that substantial evidence existed tending to directly connect another person with the actual commission of the offense before a defendant would be allowed to suggest to the jury that another person might have committed the crime.[17] *See Perry v. Rushen*, 713 F.2d 1447, 1449 (9th Cir. 1983). Griffey's proffered evidence did not meet this standard. *See id.* at 1449, 1453–55 (rejecting a habeas challenge relying on significantly more probative evidence than Griffey's proffered evidence). Griffey's claim does not merit habeas relief.

### 3

 Griffey also makes a number of arguments that his counsel performed inadequately in failing to exclude evidence of three other crimes traceable to Griffey—a

mitted under a "common plan or scheme" theory; (9) failed to impeach a detective's testimony concerning the Reef Motel burglary; (10) failed to impeach a detective who testified about conversations with Griffey's wife in an effort to undercut Griffey's alibi; (11) failed to exclude several items of evidence as the fruits of illegal searches and seizures; (12) failed to suppress physical evidence tied to a *Miranda* violation; (13) failed to raise intoxication as a mitigating factor at sentencing; (14) failed to object to the use of the same facts to both (a) justify sentencing Griffey to consecutive sentences and (b) to the upper term for each sentence; (15) failed to move for dismissal on the ground of double jeopardy; and (16) failed to move for dismissal of the charges against him based on *Kellett*

*v. Superior Court*, 63 Cal.2d 822, 48 Cal.Rptr. 366, 409 P.2d 206 (1966).

**16.** Griffey's counsel did try to bring the details of the other suspect's arrest into evidence, but the state trial court concluded the evidence was insufficiently relevant.

**17.** In *People v. Hall*, 41 Cal.3d 826, 833–34, 226 Cal.Rptr. 112, 718 P.2d 99 (1986), the California Supreme Court rejected this approach "to the extent that it creates a distinct and elevated standard for admitting this kind of exculpatory evidence." *Hall* recognizes, however, that "other suspect" evidence may still be excluded under California Evidence Code § 352. *See id.* at 834, 226 Cal.Rptr. 112, 718 P.2d 99.

motel burglary (the Reef Motel burglary) and two attempted burglaries (the Cypress Tree Inn and Hyatt House attempted burglaries). These incidents were all admitted at trial under a "common plan or scheme" theory, but the state trial court grappled with this issue for days before issuing its final ruling. The district court rejected Griffey's ineffective assistance claim and we affirm.

The majority of Griffey's arguments on this score are with-out merit. Some of Griffey's allegations concerning his "other suspect" evidence might, however, justify a hearing covering counsel's performance and the possibility that the state trial court would have excluded the evidence of the Reef Motel and Cypress Tree incidents if the "other suspect" evidence was further developed.[18] Even so, Griffey is not entitled to relief because he cannot show prejudice from the admission of the Reef Motel and Cypress Tree Inn incidents.[19]

Although exclusion of these two incidents would have incrementally undercut the prosecution's case, there is no reasonable probability that the jury would have come to a different verdict in light of the strong eyewitness identifications and other circumstantial evidence implicating Griffey. Griffey is not entitled to habeas relief based on trial counsel's failure to exclude this "other crimes" evidence from the trial.

### 4

▮ Griffey challenges his counsel's failure to impeach a detective who denied telling Griffey's wife, on the day that Grif-fey was arrested, about the dates on which the various rape incidents occurred. The detective's testimony was used to undercut the wife's testimony that she went home after hearing the dates of the offenses, checked her calendar and determined that Griffey could not have committed the two motel burglary/rapes.

The detective's testimony that he was unaware of the dates of the burglary/rape incidents at the time of the conversation is contradicted by the detective's report written on the same day that Griffey was arrested. In the report, Griffey is identified as a prime suspect for the rapes and it is noted that one of the rapes took place on August 16, 1983.

The record contains no indications why counsel did not impeach the detective. Assuming that Griffey could develop a record showing counsel's performance was deficient, the question of prejudice remains.

Griffey is correct in noting that impeaching the detective's testimony would tend to undercut some part of the prosecution's case. This impeachment, standing alone, is not enough to undermine confidence in the verdict. In the face of the strong eyewitness identifications in the two motel rape cases, the similarities between those cases and the August 14, 1983 events culminating in the rape of the jogger, and the other circumstantial evidence pointing to Griffey, we see no reasonable probability of a different result. The district court properly refused to grant relief based on these allegations.

18. We recognize that Griffey's counsel doggedly fought for exclusion of these incidents over a period of days. Our focus on *Strickland's* prejudice prong is not to suggest that trial counsel's exclusion efforts fell below an objective standard of reasonableness, but rather reflects the undeveloped factual record on counsel's investigation efforts.

19. The state trial court also admitted the evidence of the Hyatt House attempted burglary as a means to provide context for testimony centering on Griffey's arrest. The admission of the Hyatt House incident thus would not have been affected by a trial court rejection of the prosecution's "common plan or scheme" theory of admission. Griffey has not shown prejudice from the admission of the Hyatt House incident into evidence.

Griffey argues that his counsel failed to object to the state court's use of the same facts to both: (1) justify sentencing Griffey to consecutive sentences; and (2) to the upper term for each sentence. At the time of Griffey's trial, California law forbade such dual use of facts. *See People v. Coleman*, 48 Cal.3d 112, 163–66, 255 Cal.Rptr. 813, 768 P.2d 32 (1989); *People v. Reeder*, 152 Cal.App.3d 900, 919–21, 200 Cal.Rptr. 479 (1984) (relying on former California Rule of Court 441(c)); *see also* California Rules of Court 4.425 (2002).

Even if the state trial court engaged in an impermissible dual use of facts,[20] Griffey has not shown a reasonable probability "that a more favorable sentence would have been imposed in the absence of the error." *See People v. Osband*, 13 Cal.4th 622, 728, 55 Cal.Rptr.2d 26, 919 P.2d 640 (1996) (quoting *Coleman*, 48 Cal.3d at 166, 255 Cal.Rptr. 813, 768 P.2d 32). Because Griffey has not shown prejudice, this claim does not entitle Griffey to habeas relief.

6

We have closely considered Griffey's other ineffective assistance of trial counsel arguments and conclude that they all lack merit because the actions of Griffey's counsel's either fell within the range of reasonably competent defense counsel or there has been no showing of prejudice.

7

We must also evaluate the cumulative impact of Griffey's asserted trial errors. We see no prejudice. Even if some prejudice could be found on these facts, we cannot say the California courts' rejection of Griffey's claims was "contrary to" or an "unreasonable application" of clearly established federal law. We affirm the dis-

trict court's denial of relief for Griffey's ineffective assistance of counsel claims.

V

None of the issues raised by Griffey invalidate the district court's decision denying Griffey's habeas petition. We AFFIRM.

---

**20.** We express no opinion on the matter.