**David James HEPPARD, Petitioner—Appellant,**

v.

**Robert MOORE, Warden, Respondent—Appellee.**

No. 02–36050.

D.C. No. CV–01–05591–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Jan. 8, 2004.

Suzanne Lee Elliott, Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before NOONAN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM *

David Heppard ("Heppard") appeals the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel and improper denial of an evidentiary hearing. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and we affirm.[1]

We review *de novo* the district court's decision to deny a 28 U.S.C. § 2254 petition. *See Alcala v. Woodford*, 334 F.3d 862, 868 (9th Cir.2003). Findings of fact made by the district court are reviewed for clear error. *Id.* This is true "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

The district court correctly concluded that Heppard could not show that his trial counsel provided incompetent representation under the standard outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Heppard's petition alleges that his counsel was constitutionally ineffective under *Strickland* because his attorney had knowledge of alleged juror misconduct and bias during the trial, but waited until over a month after the verdict to file a motion for a new trial based on that alleged misconduct (a motion that was untimely because, under Washington state law, it had to have been filed within 10 days of the verdict).

In examining whether counsel's performance was ineffective, the issue ultimately is: what did Brouner (Heppard's trial counsel) know, and when did he know it. The central credibility dispute was whether Heppard's father told Brouner about the alleged juror misconduct during, or after, the trial. In a declaration filed with the Washington Court of Appeal, Heppard's father stated that he told Brouner during the trial; Brouner stated that he only received the information after trial.

The magistrate judge, in a finding adopted by the district court, resolved this credibility determination by noting that Heppard's father's source of the information of juror misconduct was Scott Szeto, co-defendant Cecil Morton's stepfather. In the deposition granted by the magistrate judge before his second Report and Recommendation, Szeto testified that he only told Heppard's father about the incident after the trial was over. The magistrate reasonably concluded that if Szeto was the source of Heppard's father's information, and Szeto himself testified that he only told Heppard's father of the alleged juror misconduct after the trial, then this version of events corroborated Brouner's contention that he made the motion for a new trial on the basis of alleged juror misconduct shortly after receiving the information. If Brouner filed the motion as soon as he learned of the information, then he was not incompetent under *Strickland*'s first prong.

In light of the evidentiary record, the magistrate judge's findings of fact underly-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the background facts, we do not recite them in detail.

ing this credibility determination were not clearly erroneous, thus Heppard's petition fails.[2] Accordingly, we do not reach the issue of whether there was prejudice within the meaning of *Strickland* by the late filing of the motion for a new trial alleging juror misconduct.

As Heppard's claims can all be resolved by reference to the declarations and testimony in front of the district court, Heppard's further "conclusory or speculative allegations are insufficient to justify an evidentiary hearing." *Griffey v. Lindsey,* 345 F.3d 1058, 1066–67 (9th Cir.2003). The district court did not err in refusing to hold an evidentiary hearing on Heppard's claims.

The district court's judgment is

**AFFIRMED.**

---

**2.** The Washington Court of Appeal did not address this precise issue, but rather solely analyzed this particular claim for ineffective assistance as whether it merited an evidentiary hearing. *See In re Personal Restraint Petition of Heppard,* No. 25154–0–II, 2001 WL 112317, *12 (Wash.Ct.App. Feb. 9, 2001) (unpublished). Nevertheless, the Washington Court of Appeal's ultimate determination that Heppard did not receive ineffective assistance of counsel is accorded deference under 28 U.S.C. § 2254(d) "so long as neither the reasoning nor the result of the state-court decision contradicts" existing Supreme Court precedent. *Early v. Packer,* 537 U.S. 3, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (per curiam). Upon review of the state court record, we conclude that the Washington Court of Appeal's ultimate conclusion that Heppard did not receive ineffective assistance of counsel was not "contrary to," or "an unreasonable application of" Supreme Court precedent. 28 U.S.C. § 2254(d).

