Frank Robin OWENS, Petitioner—
Appellant,

v.

A. LAMARQUE, Warden, Respondent—
Appellee.

No. 03–57092.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 3, 2005.

Grace J. McLean, AFPD, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

John Yang, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: REINHARDT, BEEZER, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Frank Owens appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Owens claims that he was denied his Sixth Amendment right to effective assistance of counsel because his trial lawyer failed to investigate and present a potentially meritorious mental-state defense. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We reverse and remand to the district court for an evidentiary hearing on Owens' ineffective assistance of counsel claim.

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) limits a district court's discretion to conduct evidentiary hearings, *see* 28 U.S.C. § 2254(e)(2), Owens' request for a hearing is governed by pre-AEDPA standards because he was diligent in seeking to develop the factual basis of his claim in state court. *See Williams v. Taylor,* 529 U.S. 420, 435, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Baja v. Ducharme,* 187 F.3d 1075, 1078 (9th Cir.1999). Owens raised the ineffective assistance of counsel claim in his state habeas petitions and filed a traverse at the state appellate level opposing the State's return. Therefore, he sought "an evidentiary hearing in state court in the manner prescribed by state law." *Williams,* 529 U.S. at 437; *see People v. Romero,* 8 Cal.4th 728, 35 Cal.Rptr.2d 270, 883 P.2d 388, 392–93 (Cal.1994) ("[I]f the return and traverse reveal that petitioner's entitlement to relief hinges on the resolution of factual disputes, then the [state] court should order an evidentiary hearing."); *Griffey v. Lindsey,* 345 F.3d 1058, 1066 (9th Cir.2003) ("A request for an evidentiary hearing is needed, *if at all,* only at the traverse stage of the proceedings." (emphasis added)), *vacated as moot by* 349 F.3d 1157 (9th Cir.2003).

Under pre-AEDPA standards, a habeas petitioner is entitled to an evidentiary hearing in district court if (1) he has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair evidentiary hearing in state court. *See Beaty v. Stewart,* 303 F.3d 975, 993 (9th Cir.2002), *cert. denied,* 538 U.S. 1053, 123 S.Ct. 2073, 155 L.Ed.2d 1098 (2003). Owens alleged that his trial lawyer lacked a sound tactical reason for failing to investigate and present a potentially meritorious mental-state defense, and that this failure prejudiced him by depriving him of a full and effective defense. If proven, these allegations would entitle Owens to relief under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the California state courts denied Owens' state habeas petitions without affording him an evidentiary hearing, Owens lacked an opportunity to develop the factual basis of his claim. We therefore conclude that the district court abused its discretion in failing to hold an evidentiary hearing. *Stankewitz v. Woodford,* 365 F.3d 706, 725 (9th Cir.2004).

**REVERSED AND REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.