Tai Tan NGUYEN, Petitioner—
Appellant,

v.

Don TAYLOR, Warden, Respondent—
Appellee.

No. 03–55853.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2005.

Decided March 3, 2005.

---

**8.** *Id.* at 67–72, 117 S.Ct. 1055.

**9.** *Id.*

132

Christopher R.J. Pace, Esq., Cooley Godward LLP, San Diego, CA, for Petitioner–Appellant.

Robert M. Foster, Deputy Atty. General, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: REINHARDT, O'SCANNLAIN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Tai Tan Nguyen ("Nguyen"), currently serving 15 years to life for rape, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Nguyen argues that his counsel was ineffective for failing to investigate the results of the DNA test of the victim, which found sperm and non-sperm DNA from at least two sources, none of which matched Nguyen's and only one of which matched the victim's husband/boyfriend's DNA. Nguyen asserts

that his counsel's ineffectiveness included his failure to investigate (1) who the other source or sources of the semen were, (2) whether the victim had a motive to lie in accusing Nguyen, (3) whether the victim believed the rapist ejaculated inside her, and (4) the likelihood that no sperm and no non-sperm samples would remain following a rape. We have jurisdiction pursuant to 28 U.S.C. § 2253 and 28 U.S.C. § 1291. We reverse the district court and remand for an evidentiary hearing on Nguyen's ineffective assistance of counsel claim.

■ There are only two disputed issues on this appeal. First, the state argues that Nguyen did not properly exhaust his ineffective assistance of counsel claim in state court. The state asserts that because Nguyen (1) referred to his DNA test results in his state pro se habeas petition as a "medical report that was taken of the victim which proved negative for having any of [his] sperm" without actually mentioning "DNA," and (2) failed to attach a copy of the state's DNA test results to his pro se habeas petition, the state courts were deprived of "a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This argument is without merit. Nguyen's reference to the "medical report ... which proved negative for having any of his sperm" in the context of a rape case sufficiently alerted the state court to the nature of the "medical report." Furthermore, although Nguyen did not provide a copy of the DNA test, a test which the state itself had conducted, when he filed his pro se habeas petition the state courts denied Nguyen's petition at an early stage of the habeas proceedings, before factual issues could be resolved, and at a time when the only concern was whether

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the "facts alleged could possibly support relief." *Griffey v. Lindsey,* 345 F.3d 1058, 1066 (citing *People v. Romero,* 8 Cal.4th 728, 731, 35 Cal.Rptr.2d 270, 883 P.2d 388 (1994)), *vacated as moot,* 349 F.3d 1157 (9th Cir.2003). Nguyen provided the state courts with a "fair opportunity" to consider his claim on the merits and to conduct an evidentiary hearing. *See also Sanders v. Ryder,* 342 F.3d 991, 999 (9th Cir.2003) ("[F]or the purpose of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions.").

■ Second, the state argues that Nguyen is not entitled to an evidentiary hearing because his allegation that his counsel was ineffective for failing to investigate—the truth of which allegation he seeks to prove at an evidentiary hearing—was unsupported, self-serving, and conclusory. As an initial matter, contrary to its contention at oral argument, the state never raised this objection in its original or its supplemental brief. *See United States v. Montoya,* 45 F.3d 1286, 1300 (9th Cir.1995) ("Issues not specifically and distinctly raised and argued in the opening brief need not be considered by the court." (internal quotation marks omitted)). In any event, we have held that although "bald, conclusory or inherently incredible assertions . . . do not require an evidentiary hearing, . . . once a petitioner asserts a more detailed claim, about which there are controverted facts, an evidentiary hearing must be granted." *United States v. Howard,* 381 F.3d 873, 879 (9th Cir.2004); *see also Campbell v. Wood,* 18 F.3d 662, 679 (9th Cir.1994) ("An evidentiary hearing is not required on allegations that are 'conclusory and wholly devoid of specifics.'" (quoting *Boehme v. Maxwell,* 423 F.2d 1056, 1058 (9th Cir.1970))).

Nguyen's request for an evidentiary hearing is not based on conclusory or unspecific allegations, or on allegations without details. In alleging that his counsel failed to conduct any investigation into the DNA test results, he explained that counsel had dismissed the significance of the DNA test results altogether, and described in detail counsel's encouragement to have him plead to the charges instead of investigating or preparing his defense. He also specified the types of inquiries his counsel should have conducted. Furthermore, there is nothing in the record to suggest that any investigation into the DNA report had ever been conducted, and the state does not argue otherwise. We hold that Nguyen alleged, with sufficient detail, specificity, and support his counsel's failure to conduct any investigation into the DNA test results.

The need for a hearing is further supported by the circumstances surrounding Nguyen's plea. The record suggest that Nguyen pled guilty only after substantial pressure from his counsel. The record shows that Nguyen, who could not speak English, never actually admitted to committing the rape, but consistently asserted his innocence up until the middle of the plea hearing, at which time, when he reiterated the claim, he was cut off by his own attorney. His counsel was then granted a recess to discuss the plea further with Nguyen, at the conclusion of which time Nguyen, on his counsel's advice, offered a *People v. West* plea. As the trial court explained to Nguyen, the plea meant that he was not admitting to "any fact that makes [him] guilty . . . but . . . still pleading guilty in order to avoid a possible higher or harsher penalty."[1] There was no physical evidence connecting Nguyen to

---

1. By pleading guilty, he received an indeterminate 15 years to life sentence as opposed to a 25 years to life sentence.

the rape, nor was there any direct testimonial evidence, other than that of the victim. In short, Nguyen's resistance to pleading guilty and the overall lack of evidence supporting the charges against him, as well as the potentially exculpatory DNA test results, render a hearing on counsel's ineffectiveness appropriate in this case.

Under AEDPA, Nguyen's request for an evidentiary hearing is governed by pre-AEDPA standards because his state habeas appeal was dismissed before the traverse stage. *See Griffey,* 345 F.3d at 1066. Because Nguyen's "allegations would, if proved, entitle him to relief; and ... the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts," *Jones v. Wood,* 114 F.3d 1002, 1010, 1013 (9th Cir.1997), we reverse the district court's denial of Nguyen's habeas petition and remand for an evidentiary hearing.

REVERSED AND REMANDED.