**Thomas BAJA, Petitioner–Appellant,**

**v.**

**Kenneth DUCHARME, Superintendent of Washington State Reformatory; Christine O. Gregoire, Attorney General of the State of Washington, Respondents–Appellees.**

**No. 98–35594.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 1999.[1]

Decided Aug. 9, 1999.

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Lana C. Glenn, Spokane, Washington, for the petitioner-appellant.

Daniel J. Judge, Thomas J. Young, Assistant Attorneys General, Olympia, Washington, for the respondents-appellees.

Before: GOODWIN, REAVLEY[2] and McKEOWN, Circuit Judges.

GOODWIN, Circuit Judge:

Thomas Baja appeals the district court's denial of his petition for a writ of habeas corpus, brought under 28 U.S.C. § 2254. Pursuant to the Certificate of Appealability granted by this court under 28 U.S.C. § 2253(c)(3), we consider only whether the district court erred by not holding an evi-

---

**2.** The Honorable Thomas M. Reavley, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

dentiary hearing on the petitioner's claim of ineffective assistance of counsel. Because the petitioner's claim fails to meet the requirements set forth in § 2254(e)(2), as amended by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), we hold that the district court did not err, and therefore affirm the judgment.

## PROCEDURAL BACKGROUND

Petitioner Thomas Baja was indicted in 1988 on two counts of aggravated first degree murder. At his trial, Baja did not seriously contest that he killed his estranged wife and a companion, but entered a plea of not guilty by reason of insanity. Defense counsel argued that Baja, a veteran of the Vietnam war who allegedly suffers from post-traumatic stress disorder, thought he was on a recon mission in Vietnam at the time of the crime. Counsel did not assert any theory of diminished capacity during the trial, and no instruction regarding diminished capacity was given to the jury. Baja was convicted on both counts and is presently serving a life sentence at a state detention facility in Washington.

After bringing several unsuccessful direct appeals in Washington state courts, Baja filed a personal restraint petition before the state Court of Appeals alleging ineffective assistance of counsel. Baja's petition was denied, and his request for discretionary review by the Supreme Court of Washington was also denied. Baja then filed the instant petition for a writ of habeas corpus in the district court, also alleging ineffective assistance of counsel.

The magistrate to whom the case was assigned determined, after reviewing the entirety of the record, that no evidentiary hearing was needed and recommended dismissal of the claim. The district court adopted the recommendation of the magistrate, and denied Baja's petition with prejudice.

## STANDARD OF REVIEW

Under pre-AEDPA law, we reviewed for an abuse of discretion a district court's decision to deny a habeas petitioner's request for an evidentiary hearing. *Villafuerte v. Stewart,* 111 F.3d 616, 633 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 860, 139 L.Ed.2d 759 (1998). However, as amended by the AEDPA, 28 U.S.C. § 2254(e) now substantially restricts the district court's discretion to grant an evidentiary hearing. We review de novo whether 28 U.S.C. § 2254(e) removes from the district court's discretion the decision whether to grant or deny a request for an evidentiary hearing. *See, e.g., Tierney v. Kupers,* 128 F.3d 1310, 1311 (9th Cir.1997). We review for clear error findings of fact made by the district court relevant to its decision. *Moran v. McDaniel,* 80 F.3d 1261, 1268 (9th Cir. 1996).

## DISCUSSION

Baja contends that the record developed in the state proceedings did not contain sufficient evidence on which the magistrate could determine the merits of the ineffective assistance claim, and that he was therefore entitled to an evidentiary hearing as a matter of law. However, Baja has failed to establish that an evidentiary hearing was permissible, much less required, under the new statutory requirements contained in 28 U.S.C. § 2254(e), as revised by the AEDPA.[3]

The Fourth Circuit has aptly summarized the impact of the AEDPA revisions on a district court's decision to deny a request for an evidentiary hearing. *See Cardwell v. Greene,* 152 F.3d 331, 336–340 (4th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 587, 142 L.Ed.2d 491 (1998). Before the enactment of the AEDPA, the decision concerning an evidentiary hearing with respect to a habeas petition was firmly committed to the discretion of the district courts, subject to some judicially-created

3. Baja's petition was filed on March 19, 1997, after the enactment of the AEDPA.

limitations on that discretion. *Id.; see also Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), as modified by *Keeney v. Tamayo–Reyes*, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992). The amendments contained in the AEDPA, by contrast, impose "an express limitation on the power of a federal court to grant an evidentiary hearing," *Cardwell*, 152 F.3d at 336, and have reduced considerably the degree of the district court's discretion. The amended statute now provides, in pertinent part:

> (e)(1) In a proceeding instituted by an applicant for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that ... the claim relies on ... a factual predicate that could not have been previously discovered through the exercise of due diligence and ... the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e).

Under the amended statutory scheme, a district court presented with a request for an evidentiary hearing, as in this case, must determine whether a factual basis exists in the record to support the petitioner's claim. If it does not, and an evidentiary hearing might be appropriate, the

> court's first task in determining whether to grant an evidentiary hearing is to ascertain whether the petitioner has "failed to develop the factual basis of a claim in State court." If so, the court must deny a hearing unless the applicant establishes one of the two narrow exceptions set forth in § 2254(e)(2)(A) &

(B). If, on the other hand, the applicant has not "failed to develop" the facts in state court, the district court may proceed to consider whether a hearing is appropriate, or required under *Townsend*.

*Cardwell*, 152 F.3d at 337.

### A. Factual Basis in the Record

Baja presented his claim of ineffective assistance of counsel to the state court by way of a personal restraint petition. The petition was denied by the state Court of Appeals on the ground that he failed to present a prima facie case of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court of Appeals apparently did not review evidence from the trial, or consider additional evidence outside the record, because Baja failed to come forward with evidence of a colorable claim. The Washington Supreme Court denied Baja's motion for discretionary review of the appeals court's decision on the same grounds.

In the absence of any evidentiary hearing or consideration of additional evidence presented on appeal to the state courts, no factual basis for Baja's ineffective assistance of counsel claim was developed. *See, e.g., United States v. Sitton*, 968 F.2d 947, 960 (9th Cir.1992) ("Ineffective assistance claims are ordinarily reviewed only in collateral proceedings because such claims usually cannot be resolved without the development of facts outside the original record.").

### B. Failure to Develop Factual Basis

■ Several of our sister circuits have considered the impact of a habeas petitioner's "failure to develop" a factual basis for a claim at the state court level, within the meaning of § 2254(e)(2). We agree that "where an applicant has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentia-

ry hearing in federal court." *Cardwell,* 152 F.3d at 337. *See also McDonald v. Johnson,* 139 F.3d 1056, 1059 (5th Cir. 1998); *Burris v. Parke,* 116 F.3d 256, 258–59 (7th Cir.1997); *Love v. Morton,* 112 F.3d 131, 136 (3d Cir.1997); *see, e.g., Jones v. Wood,* 114 F.3d 1002, 1013 (9th Cir.1997) (applying pre-AEDPA law, but asserting that if "the state courts simply fail to conduct an evidentiary hearing, the AEDPA does not preclude a federal evidentiary hearing"). We therefore consider whether the absence of a factual basis for Baja's claim in this case was the result of a curtailed proceeding at the state level.

■ The state Court of Appeals properly found that, with respect to the claim of ineffective assistance of counsel presented in the personal restraint petition, Baja could make a prima facie case by supporting his allegation with evidence in the record, or by demonstrating that there was competent, admissible evidence with respect to facts outside the record that would support his allegations. *See In re Rice,* 118 Wash.2d 876, 828 P.2d 1086, 1092 (1992) ("As a threshold matter, the petitioner must state in his petition the facts underlying the claim ... and the evidence available to support the factual allegations.... [P]etitioner must state with particularity facts which, if proven, would entitle him to relief."). State law not only permitted but required Baja to come forward with affidavits or other evidence, to the extent that his claim relied on evidence outside the trial record. Clearly, Baja had the opportunity in state proceedings to come forward with evidence to support his allegation that Counsel was ineffective at trial, but failed to do so. He therefore failed to develop the factual basis of his claim in state court proceedings within the meaning of 28 U.S.C. § 2254(e).

C. Requirements of 28 U.S.C. § 2254(e)(2)

Where a habeas petitioner has failed to develop a factual basis for his claim in state proceedings and requests the opportunity to do so in an evidentiary hearing before the district court, the petitioner must show that "the claim relies on ... a factual predicate that could not have been previously discovered through the exercise of due diligence and ... the facts underlying the claim would ... establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

■ Baja has asserted that the failure of trial counsel to explore and research the use of a diminished capacity defense constituted ineffective assistance of counsel. A claim of ineffective assistance of counsel must allege that (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Baja has not explained why the evidence needed to support his ineffective assistance claim could not have been developed during the course of the state proceedings. Furthermore, he has not offered any evidence or other rationale to suggest that he was prejudiced by Counsel's failure to offer a diminished capacity defense. Baja's petition falls far short of the substantial requirements contained in Section 2254(e)(2).

## CONCLUSION

The district court committed no error under the amended statute when it denied Baja's request for an evidentiary hearing.

AFFIRMED.