**Gregory WILLIAMS, Petitioner–Appellant,**

v.

**K.W. PRUNTY, Warden; Attorney General of the State of California, Respondent–Appellee.**

No. 99–55415.

D.C. No. CV–98–01824–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2001.

Decided June 5, 2001.

Before HUG, DUHÉ,* and TALLMAN, Circuit Judges.

MEMORANDUM **

Gregory Williams appeals the district court's dismissal with prejudice of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 & 2253 and we AFFIRM. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

Williams argues that he was denied effective assistance of counsel as a result of his trial attorney's failure to adequately investigate and provide witnesses who may have provided an alibi. To establish a prima facie claim of ineffective assistance of counsel, Williams bears the burden of establishing both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *See United States v. Quintero–Barraza,* 78 F.3d 1344, 1348 (9th Cir.1995), *cert. denied,* 519 U.S. 848, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996).

There exists a "strong presumption that counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *United States v. Palomba,* 31 F.3d 1456, 1460 (9th Cir.1994) (quoting *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984)). The defendant must surmount the presumption that, "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Quintero–Barraza,* 78 F.3d at 1348. Williams' counsel made a

---

* Honorable John M. Duhé, Jr., Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

reasonable tactical decision with regard to the alleged alibi. After his investigation, counsel made a determination that the potential alibi witnesses would not be helpful to the defense because their statements contradicted Williams' story. Thus, Williams' reliance on *Brown v. Myers*, 137 F.3d 1154 (9th Cir.1998) where we determined that counsel was ineffective in part because the defendant's testimony "coincided in important respects with those of his alibi witnesses" is misplaced. Rather than coinciding in important aspects, according to his trial counsel, Williams' statements to his attorney were at odds with the statements made by potential witnesses, and Williams' story kept changing.

We agree with the district court that Williams has failed to establish deficient performance and prejudice. Accordingly, the state courts' denial of this claim is neither contrary to, nor an unreasonable application of, clearly established law as determined by the United States Supreme Court and, thus, does not support federal habeas relief. *See Weighall v. Middle*, 215 F.3d 1058, 1062 (9th Cir.2000).[1]

AFFIRMED.

1. Under the circumstances and existing law, Williams did not meet the requirements for the federal court to grant an evidentiary hear-

ing. *See Baja v. Duchreme*, 187 F.3d 1075 (9th Cir.1999).