**Ruben CERVANTES, Petitioner—Appellant,**

v.

**Joseph L. MCGRATH, Warden, Respondent—Appellee.**

No. 03–56218.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 21, 2004.

Marilee Marshall, Esq., Jennifer Peabody, Esq., Marilee Marshall & Associates, Inc., Los Angeles, CA, for Petitioner–Appellant.

Robert M. Snider, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

MEMORANDUM *

California state prisoner Ruben Cervantes appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Cervantes claims that he was denied his Sixth Amendment right to effective assistance of counsel because his trial lawyer failed to call Cervantes's mother and sister as alibi witnesses and failed to investigate two other potential witnesses who could have cor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

roborated Cervantes's alibi and/or exonerated him. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Without reaching the merits of Cervantes's ineffective assistance claim, we reverse and remand to the district court for an evidentiary hearing.

Because the parties are familiar with the facts, we reference them only as necessary to explain our decision. Although the Antiterrorism and Effective Death Penalty Act (AEDPA) limits a district court's discretion to conduct evidentiary hearings, *see* 28 U.S.C. § 2254(e)(2), Cervantes's request for a hearing is governed by pre-AEDPA standards because Cervantes was diligent in seeking to develop the factual basis of his claim in state court. *See Williams v. Taylor*, 529 U.S. 420, 437, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000); *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir.1999).

Under these standards, a habeas petitioner is entitled to an evidentiary hearing in district court if (1) he has alleged facts that, if proven, would entitle him to relief; and (2) he did not receive a full and fair evidentiary hearing in state court. *See Beaty v. Stewart*, 303 F.3d 975, 993 (9th Cir.2002), *cert. denied*, 538 U.S. 1053, 123 S.Ct. 2073, 155 L.Ed.2d 1098 (2003). Here, Cervantes alleged that his trial lawyer lacked a sound tactical reason for failing to call two alibi witnesses and failing to investigate two other witnesses who could have corroborated his alibi and/or exonerated him. Cervantes further alleged that his lawyer's conduct prejudiced him by depriving him of an effective defense where the evidence against him was circumstantial. If proven, these allegations would entitle Cervantes to relief under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the California Supreme Court denied Cervantes's state habeas petition without affording him an evidentiary hearing, Cervantes lacked an opportunity to develop the factual basis of his claim. We therefore conclude that the district court abused its discretion in failing to hold an evidentiary hearing. *See Stankewitz v. Woodford*, 365 F.3d 706, 725 (9th Cir.2004).

Accordingly, we REVERSE and REMAND to the district court for an evidentiary hearing. This panel will retain jurisdiction over any future appeal. REVERSED and REMANDED.