Antonio SANDOVAL–HUERTA,
Petitioner—Appellant,

v.

Ron CASTRO, Warden, California Correctional Center, Susanville, Respondent—Appellee.

No. 04–16286.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2005.*

Decided July 29, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Robert Beles, Paul McCarthy, Esq., Attorney at Law, Anne C. Beles, Esq., Oakland, CA, for Petitioner–Appellant.

Morris Beatus, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before SILVERMAN, WARDLAW and CLIFTON, Circuit Judges.

## MEMORANDUM **

Antonio Sandoval–Huerta appeals the denial of his petition for writ of habeas corpus. Sandoval–Huerta argues that the state court's failure to permit cross-examination while admitting allegedly unreliable hearsay testimony at sentencing violated his rights to due process, confrontation and counsel. We affirm.

■ Sandoval–Huerta has not shown that the trial court's admission of hearsay testimony at sentencing or denial of cross-examination violated his due process or confrontation rights. Sandoval–Huerta had no right to cross-examine the hearsay declarant at sentencing, *Williams v. New York*, 337 U.S. 241, 250, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), and due process re-

quires only that Sandoval–Huerta not be sentenced based on "materially incorrect information," *United States v. Petty*, 982 F.2d 1365, 1369 (9th Cir.), *amended on other grounds*, 992 F.2d 1015 (9th Cir. 1993). The hearsay testimony in question satisfies that standard because it was accurate and consistent in all material respects. *Petty*, 982 F.2d at 1369–70; *see also Dutton v. Evans*, 400 U.S. 74, 88–89, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). The testimony was accompanied by the requisite "minimal indicia of reliability," *Petty*, 982 F.2d at 1369, and the state court's assessment of the admissibility of hearsay testimony at Sandoval–Huerta's sentencing was not contrary to or an unreasonable application of clearly established federal law, *see* 28 U.S.C. § 2254(d)(1).

■ For similar reasons, Sandoval–Huerta has not shown that the admission of such testimony affected his right to counsel and has not demonstrated any actual prejudice in sentencing. *See United States v. Huckins*, 53 F.3d 276, 280 (9th Cir.1995). Not only was the hearsay testimony found reliable, but the controlling factors at sentencing were the sophistication with which Sandoval–Huerta had committed the crime and the weight of the cocaine recovered at the time of arrest. That being so, the state court's admission of and reliance on the hearsay statements at sentencing was neither contrary to nor an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

As for Sandoval–Huerta's request for an evidentiary hearing, even if 28 U.S.C. § 2254(e)(2) did not foreclose an evidentiary hearing, Sandoval–Huerta would not be entitled to a hearing because he failed to satisfy the conditions established in *Town-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*send v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). *See Baja v. Ducharme,* 187 F.3d 1075, 1078 (9th Cir.1999).

**AFFIRMED.**