Arthur Gene **PAYTON**, Petitioner—Appellant,

v.

Susan L. **HUBBARD**, Warden; et al., Respondents—Appellees.

No. 04–55836.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 25, 2006.

Filed July 28, 2006.

Grace J. McLean, AFPD, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

David Christopher Cook, DAG, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Arthur Gene Payton appeals the district court's denial of his petition for a writ of habeas corpus, brought under 28 U.S.C. § 2254. We affirm.

### I

■ The district court did not err by denying Payton an evidentiary hearing on his claims because he failed to exercise diligence in developing the record in state court as required by § 2254(e)(2) and *Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). He neither requested an evidentiary hearing in state court, nor supported his claims there with specific factual allegations. *See Baja v. Ducharme,* 187 F.3d 1075, 1078–79 (9th Cir.1999). Payton's suggestion that he failed to do so on account of fill-in-the-blank forms is waived as he raises it only in reply, *see Sophanthavong v. Palmateer,* 378 F.3d 859, 872 (9th Cir.2004) (as amended); in any event, the suggestion is belied by the fact that his submission to the California Supreme Court included eighteen pages of argument on blank sheets of paper. Likewise, his suggestion that his failure to develop a record was attributable to unavailability of the trial file is raised for the first time in reply and is waived. Even so, Payton could have sought an evidentiary hearing, and could have stated with particularity the facts upon which he based his claims as *People v. Duvall,* 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995) requires, but did not.

### II

■ Payton argues that the district court erroneously concluded his due process rights were not violated by the trial court's failure to hold a competency hearing or to allow him to withdraw his plea. We consider only what was before the trial judge, *Williams v. Woodford,* 384 F.3d 567, 604 (9th Cir.2004) (as amended), and there is no indication that Payton's history of mental illness was before the trial court at the time of his plea. In any event, the trial court appointed two psychiatrists to examine Payton and report on his sanity at the time of the commission of the alleged offense, and on his present competence. Their opinions influenced counsel's advice to plead guilty. Payton's behavior at the hearings was normal and his colloquy

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

about the charge to which he was pleading guilty simply manifested momentary confusion that was quickly cleared up, rather than incompetence. *See Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir.1991) (deeming it significant that the trial judge, government counsel, and Hernandez's own attorney did not perceive a reasonable cause to believe he was incompetent); *cf. Odle v. Woodford*, 238 F.3d 1084, 1089 (9th Cir.2001) (finding a bona fide doubt where extensive expert reports and other evidence suggested serious ongoing mental impairment). That his post-plea letters may be unusual or even bizarre does not alone raise sufficient doubt. *United States v. Ives*, 574 F.2d 1002, 1004 (9th Cir.1978). Accordingly, the state trial court's failure *sua sponte* to hold a competency hearing did not violate Payton's due process rights.

### III

As the evidence does not satisfy the bona fide doubt standard, it necessarily does not satisfy the more demanding standard for a substantive claim.[1] *See Williams*, 384 F.3d at 610.

### IV

■ The plea colloquy demonstrates that the plea was made knowingly, intelligently, and voluntarily. *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The exchange between the trial judge and Payton was by no means "rote," as Payton maintains, but was focused on making sure that Payton understood his exposure and his right to go to trial.

### V

■ Finally, Payton made no showing that his counsel's performance was defi-

cient. Counsel investigated Payton's mental condition, requested and secured two court-appointed experts, and considered their reports before Payton's plea. He also sought, and obtained, Payton's prior mental health records for the experts. Nothing suggests that any further investigation on counsel's part would have changed the outcome. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.

---

1. No additional evidence was submitted to the state courts. In any event, Dr. Monguió's report is purely speculative and adds nothing.