Shawn Charise GAINES, Petitioner–Appellant,

v.

Maggie MILLER–STOUT, Respondent–Appellee.

No. 05–35989.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2007.

Filed Feb. 20, 2007.

738

Steven Witchley, Esq., Ellis Holmes & Witchley, PLLC, Seattle, WA, for Petitioner–Appellant.

Gregory J. Rosen, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. "We review de novo the district court's denial of a petition for a writ of habeas corpus." *Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 2295, 164 L.Ed.2d 834 (2006).

2. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts cannot hold evidentiary hearings unless the petitioner's claim meets several strin-

MEMORANDUM *

Shawn Charise Gaines appeals the district court's denial of his 28 U.S.C. § 2254 petition, asserting that he suffered ineffective assistance of counsel when his trial lawyer failed to file a motion to suppress a suggestive show-up identification. Gaines concedes that he cannot succeed on the merits of his claim on the current record, but asks for an evidentiary hearing to develop the facts further. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

■ As a preliminary matter, we initially granted a certificate of appealability ("COA") on the issue of "whether trial counsel rendered ineffective assistance in violation of the Sixth Amendment by failing to move to suppress the pretrial identification of appellant as impermissibly suggestive." We now expand the COA to encompass Gaines's request for an evidentiary hearing. *See* 9th CIR. R. 22–1.

Contrary to the State's contention, Gaines's request for a hearing is not barred by 28 U.S.C. § 2254(e)(2).[2] That provision applies only to petitioners that have "failed to develop the factual basis of [their] claim," *id.,* and the Supreme Court has made clear that "a failure to develop the factual basis of a claim is not established unless there is a lack of diligence, or some greater fault, attributable to the pris-

gent requirements. *See* 28 U.S.C. § 2254(e)(2). Gaines does not contend he can shoulder this burden, instead arguing that § 2254(e)(2) does not apply to him. "We review de novo the district court's interpretation of AEDPA standards governing the grant or denial of an evidentiary hearing," but examine with more deference—abuse of discretion—"the district court's ultimate denial of an evidentiary hearing based on these AEDPA standards." *Earp*, 431 F.3d at 1166 (citation omitted).

oner or the prisoner's counsel," *Williams v. Taylor,* 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). When Gaines filed his Personal Restraint Petition in the Washington State courts he included a request for an evidentiary hearing, but was unsuccessful in obtaining one. He has therefore met his burden. *See, e.g., Landrigan v. Schriro,* 441 F.3d 638, 642–43 (9th Cir.2006) (en banc) (holding that § 2254(e)(2) did not apply where state and federal district court had rejected requests for an evidentiary hearing).

■ Nevertheless, the district court did not abuse its discretion in denying the hearing because Gaines has not satisfied the "threshold matter" of "stat[ing] with particularity facts which, if proven, would entitle him to relief." *Baja v. Ducharme,* 187 F.3d 1075, 1079 (9th Cir.1999) (citation and internal quotation marks omitted). Indeed, Gaines has not alleged any disputed facts whatsoever. He "has consistently alleged that during the show-up he was handcuffed, that he was shown to the victim twice, that the victim was told—inaccurately—that he had been stopped in a stolen car, and that police urged the victim to look more carefully at Mr. Gaines' face after she initially failed to identify him." But the state courts did not question those facts. Instead, the State argues, and the state courts held, that even in light of those facts, Gaines could not establish his constitutional claim. Without specific allegations of what facts an evidentiary hearing would resolve, an evidentiary hearing would serve no purpose.[3] *Cf. Williams,* 529 U.S. at 441–42, 120 S.Ct. 1479 (remanding for an evidentiary hearing to test petitioner's claim of juror bias—a claim that the prosecution disputed). Therefore,

the district court was within its discretion in denying Gaines's request.

**AFFIRMED.**

---

**3.** Gaines's counsel at oral argument stated that he would use a hearing to present expert testimony that the show-up identification was suggestive, but continued to fail to allege any specific new *facts* that, if true, would entitle him to relief.