**Gilbert ALVARADO, aka Lupe Gallardo, Petitioner– Appellant,**

v.

**Larry SMALL, Warden, Respondent– Appellee.**

No. 06–55250.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2007.

Filed March 30, 2007.

Kent A. Russell, Esq., Russell & Russell, San Francisco, CA, for Petitioner– Appellant.

**664**

Stephanie A. Miyoshi, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FERGUSON, SILER,* and HAWKINS, Circuit Judges.

## MEMORANDUM **

Gilbert Alvarado appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. He asserts that he was denied his Sixth Amendment right to effective assistance of counsel. Specifically, he claims deficient performance of trial counsel on five grounds: 1) failure to investigate and prepare for trial; 2) failure to hire an investigator to identify and interview potential witnesses; 3) failure to call important defense witnesses to testify; 4) failure to investigate or present expert testimony; and 5) the cumulative effect of the foregoing errors. We **AFFIRM.**

In order to prevail on his ineffective assistance of counsel claim, Alvarado must show both that his trial counsel's representation fell below an objective standard of reasonableness, and that his trial counsel's performance was so deficient it prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We afford great deference to counsel's performance and trial strategy. *Id.* at 689, 104 S.Ct. 2052. In order to establish prejudice, Alvarado must show a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceedings would have

been different." *Id.* at 694, 104 S.Ct. 2052. This he has failed to do.

Alvarado offers numerous unsupported assertions as to trial counsel's ineffectiveness, but he has not substantiated those claims with facts. Further, he has not persuaded us that his trial counsel's performance adversely affected the outcome of the case.

▮ The record does not support Alvarado's claim that his attorney failed to investigate and prepare for trial. There is no evidence to support his contention that trial counsel failed to obtain discovery. Further, under the specific facts in this case, Alvarado's attorney's decision not to interview a ballistics expert fell under the category of trial strategy. *See Smith v. Stewart,* 140 F.3d 1263, 1274 (9th Cir. 1998).

Trial counsel's decision to stipulate to the cause of death of the Taurus driver is not ineffective assistance of counsel. The coroner in this case determined the cause of death was a gunshot wound and not the crash. It was within trial counsel's purview to stipulate to that fact.

Alvarado argues that trial counsel should have attempted to find the owner of the black truck and the other assailant who fled the scene. There is nothing in the record to indicate that either of these men could have been identified or found, nor has it been established what these men would have testified about.

Alvarado asserts that his counsel was ineffective for failing to to call an expert witness to testify to his mental and emotional state following the gunshot wound to the head. However, Alvarado has provided no evidence that his head wound im-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

pacted his mental state. Trial counsel need not in every case provide expert testimony in order to provide a competent defense. *See Bonin v. Calderon,* 59 F.3d 815, 834 (9th Cir.1995).

■ Because none of the foregoing errors were prejudicial to Alvarado and do not establish that his trial counsel performed deficiently, the cumulative effect could not have impacted the jury's verdict. *See Villafuerte v. Stewart,* 111 F.3d 616, 632 (9th Cir.1997). Alvarado is not entitled to an evidentiary hearing because he did not develop the factual basis of his claim in state court and he has not shown that "the facts underlying the claim [are] sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e); *see also Baja v. Ducharme,* 187 F.3d 1075, 1078 (9th Cir.1999).

**AFFIRMED.**