Louie Ira Mendez HAMMONDS, Petitioner–Appellant,

v.

Joe MCGRATH, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 06–15482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2008.

Filed Feb. 22, 2008.

Louie Ira Mendez Hammonds, Crecent City, CA, pro se.

Karyn H. Bucur, Esq., Karyn H. Bucur Attorney at Law, Laguna Hills, CA for Petitioner–Appellant.

Alison Elle Aleman, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: W. FLETCHER and BEA, Circuit Judges, and MILLER *, District Judge.

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of

MEMORANDUM **

California state prisoner Louie Ira Mendez Hammonds appeals the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Hammonds challenges his conviction in California state court on one count of attempted first degree murder with personal use of a firearm and infliction of great bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

## 1. Trial Court's Evidentiary Rulings

Hammonds argues that the trial court made two erroneous evidentiary rulings. "It is well settled that a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process." *Spivey v. Rocha,* 194 F.3d 971, 977–78 (9th Cir.1999).

■ First, Hammonds claims that the trial court's exclusion of evidence related to his third-party culpability defense violated his right to due process. Due process includes a criminal defendant's right to "a meaningful opportunity to present a complete defense," *Crane v. Kentucky,* 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986) (citation and internal quotations omitted), and evidence rules violate this right if they "infring[e] upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve," *Holmes v. South Carolina,* 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (citation and internal quotations omitted). Nevertheless, trial judges have " 'wide latitude' to exclude evidence that is 'repetitive . . . , only marginally relevant' or poses an undue risk of

California, sitting by designation.

'harassment, prejudice, [or] confusion of the issues.'" *Crane,* 476 U.S. at 689–90, 106 S.Ct. 2142 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).

California law allows admission of third-party culpability evidence if the evidence has the capacity to raise a reasonable doubt about the defendant's guilt and "direct or circumstantial evidence link[s] the third person to the actual perpetration of the crime." *People v. Hall,* 41 Cal.3d 826, 833, 226 Cal.Rptr. 112, 718 P.2d 99 (1986), *cited in Spivey,* 194 F.3d at 978. Applying this evidence rule, the California Court of Appeal rejected Hammonds's claim on direct appeal. The court found the proposed evidence speculative and that Hammonds lacked direct or circumstantial evidence sufficiently linking the third party to the crime. In characterizing the revenge-killing theory as speculative, this ruling did not involve an unreasonable determination of the relevant facts. Furthermore, neither the California rule of evidence requiring sufficient evidence linking the third person to the crime, nor its application by the trial court in this case, constitutes a due process violation. Thus, the appellate court's decision did not involve an unreasonable application of clearly established federal law.

■ Hammonds also argues that the trial court's decision to allow a weapons expert to testify regarding ammunition found at Hammonds's home and at the crime scene violated Hammonds's right to due process. Hammonds claims that the prosecution failed to provide timely disclosure of the witness. Late notice of a witness does not violate due process where the defendant has time to interview the witness and prepare for cross-examination, or where

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the defendant does not seek a continuance. *LaMere v. Risley*, 827 F.2d 622, 625 (9th Cir.1987). The California Court of Appeal rejected Hammonds's claim on direct appeal, finding that Hammonds failed to seek a continuance and to show prejudice that a continuance would not have cured. This decision was not based on an unreasonable determination of fact and did not involve an unreasonable application of clearly established federal law.

## 2. Presence of Wheelchair–Bound Victim in Courtroom

■ Hammonds contends that the trial court's decision to allow the wheelchair-bound victim to remain in the courtroom during trial violated Hammonds's right to due process. Some courtroom practices or arrangements inherently cause prejudice by presenting "an unacceptable risk . . . of impermissible factors coming into play." *Estelle v. Williams*, 425 U.S. 501, 505, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) ("*Williams*"); *see also Holbrook v. Flynn*, 475 U.S. 560, 570, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986) ("*Flynn*"). Clearly established federal law requires lower courts to apply *Williams* and *Flynn* to state-sponsored courtroom practices, but does not require lower courts to apply *Williams* and *Flynn* to private-actor courtroom conduct. *Carey v. Musladin*, 549 U.S. 70, 127 S.Ct. 649, 653–54, 166 L.Ed.2d 482 (2006). Here, the victim's presence was not state-sponsored.

The California Court of Appeal rejected Hammonds's claim on direct appeal, on the ground that Hammonds did not suffer inherent prejudice or an unfair trial. In compliance with the trial court's request, the victim was not present during closing arguments to the jury. Furthermore, and most importantly, the jury had already witnessed the victim's condition during his nearly two hours of testimony. We con-clude that the appellate court's decision did not involve an unreasonable application of clearly established federal law.

## 3. Ineffective Assistance of Counsel

Hammonds claims that he received ineffective assistance of counsel in violation of the Sixth Amendment. To prevail on a claim of ineffective assistance, a defendant must demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, the defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The defendant must overcome the strong presumption against a finding of ineffective assistance. *Id.* at 689, 104 S.Ct. 2052.

■ First, Hammonds claims that his trial counsel provided ineffective assistance by inadequately investigating eyewitnesses. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691, 104 S.Ct. 2052. Even if trial counsel's failure to interview additional eyewitnesses constituted deficient performance, Hammonds has failed to demonstrate that the resulting absence of additional eyewitness testimony caused him prejudice. Likewise, Hammonds has not demonstrated that he was prejudiced by his counsel's failure to request reconsideration of the trial court's ruling prohibiting introduction of evidence related to third-party culpability.

■ Hammonds also argues that his trial counsel provided ineffective assistance by failing to introduce evidence that Hammonds's mother, a military veteran, owned two nine-millimeter Glock handguns as well as the residence in which Hammonds

lived. This evidence, however, would not have undermined the reasonable inference that Hammonds had easy access to ammunition similar to that used in the shooting. Thus, trial counsel's failure to introduce this evidence did not cause prejudice.

■ Hammonds further claims that his trial counsel provided ineffective assistance by failing to challenge the jury's verdict on the basis of information four jurors provided to an investigator. Juror testimony cannot be used to impeach a verdict unless "extrinsic influence or relationships have tainted the deliberations." *Tanner v. United States,* 483 U.S. 107, 120, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987). Accordingly, trial counsel's decision not to impeach the verdict using juror testimony regarding intrinsic processes did not constitute deficient performance.

■ Finally, Hammonds argues that his trial counsel provided ineffective assistance by failing to object to a portion of the restitution fine imposed. Without determining whether Hammonds properly exhausted this claim in state court, we deny the claim on the merits. *See* 28 U.S.C. § 2254(b)(2). Neither *People v. Torres,* 59 Cal.App.4th 1, 68 Cal.Rptr.2d 644 (1997), nor California's restitution statute, Cal.Penal Code § 1202.4, precludes the restitution awarded to the hospital for the victim's care.

Therefore, the Sacramento Superior Court's denial [1] of Hammonds's ineffective assistance claim was not based on an unreasonable determination of fact and did not involve an unreasonable application of *Strickland.*

### 4. District Court's Denial of Evidentiary Hearing

Hammonds argues that the district court erred in denying his request for an evidentiary hearing regarding his ineffective assistance of counsel claim. "[A] federal court must consider whether [an evidentiary hearing] could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan,* — U.S. —, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007).[2] Because Hammonds did not establish a colorable claim for relief for ineffective assistance, the district court did not abuse its discretion in denying an evidentiary hearing. *See Ortiz v. Stewart,* 149 F.3d 923, 934 (9th Cir.1998).[3]

For the foregoing reasons, the district court's denial of Hammonds's § 2254 habeas petition is

**AFFIRMED.**

---

**1.** The Sacramento Superior Court issued the last reasoned decision addressing Hammonds's ineffective assistance claim.

**2.** 28 U.S.C. § 2254(e)(2) does not bar an evidentiary hearing here because Hammonds did not fail to develop the factual basis for his claim in state court. *See Baja v. Ducharme,* 187 F.3d 1075, 1078–79 (9th Cir.1999).

**3.** In his brief, Hammonds also argued that the cumulative errors of the trial court and his trial counsel violated Hammonds's right to due process. Because Hammonds did not raise this argument before the district court, we consider the argument waived. *See United States v. Almazan–Becerra,* 482 F.3d 1085, 1090 (9th Cir.2007).